WALTER B. SCATES

v.

THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

*At Ottawa, September Term, 1882.*

CERTIORARI—*at common law—whether it will lie.* The common law writ of *certiorari* will not lie merely to bring in review before the Supreme Court the record and proceedings of an inferior court for the correction of alleged errors in the rulings upon questions of law during the progress of a trial. That is the office of an appeal or a writ of error.

APPLICATION for the common law writ of *certiorari.*

Walter B. Scates instituted a suit against the Chicago and Northwestern Railway Company, to recover damages for personal injuries received by him while a passenger on a train upon the railroad of the defendant company, such injuries resulting, as was alleged, from the negligence of the defendant. A trial resulted in a verdict and judgment for the defendant. On appeal to the Appellate Court that judgment was affirmed. The plaintiff below now enters his motion that this court will award the common law writ of *certiorari* to the Appellate Court, commanding that court to send to this court the record and proceedings in this cause, to the end that this court may review the same. In support of this application the plaintiff states that he has no right of appeal or writ of error, under the Appellate Court act, by means of which he can bring in review the rulings of the Appellate Court resulting in the affirmance of the judgment. The plaintiff further states that he made application in this case to the Appellate Court, asking that court, under a provision in that regard in the Appellate Court act, to certify to this court, as an important question of law, the question whether the circuit court had the power and legal right, on the evidence in this case, to exclude the plaintiff's evidence from

the jury, and to instruct the jury, as it did, to find for the
defendant, which application the Appellate Court denied.
So the plaintiff says he is wholly without remedy to obtain a
hearing and review of manifest errors complained of, by the
lower courts committed, by appeal, writ of error, or otherwise
than by a common law writ of *certiorari.*

Mr. WALTER B. SCATES, *pro se:*

In support of this petition for a writ of *certiorari* at com-
mon law, as an appropriate remedy in this case, I cite *People*
v. *Wilkinson,* 13 Ill. 661; *Doolittle* v. *Railroad Co.* 14 id. 382;
*Hyslop* v. *Finch,* 99 id. 177; *Highway Comrs.* v. *People,* id.
587. It lies in cases where the lower court had no jurisdic-
tion, or where its proceedings were irregular or illegal.

Mr. B. C. COOK, *contra:*

A common law writ of *certiorari* will be granted only where
it is shown that the inferior court has exceeded its jurisdic-
tion, or where it is shown the inferior court has proceeded
illegally, and no appeal or writ of error lies. (*Hyslop* v.
*Finch,* 99 Ill. 171.) The objection taken to the action in
this case of the courts below does not go to the jurisdiction
of those courts, nor to the legality of the proceedings therein,
but the question is simply one of alleged error in ruling upon
an instruction to the jury, and such a question is not review-
able in the mode proposed.

MULKEY, J.: The scope and purpose of this application
are clearly only to bring in review before this court an alleged
error in the rulings of the Appellate Court. The objection
taken to the action of that court does not go to the jurisdic-
tion of the court. Both the circuit court and the Appellate
Court unquestionably had jurisdiction of the subject matter
of the suit and of the parties. Nor is it shown that either
court attempted to act outside of that jurisdiction. The

simple matter of complaint is, that the circuit court erred in excluding all the evidence given by the plaintiff on the trial of the cause, and instructing the jury to find for the defendant, and that the Appellate Court affirmed the judgment resulting from such alleged erroneous ruling. It can not be said, in any proper sense, that a court exceeds its jurisdiction merely because it may have made erroneous rulings upon the law during the progress of the trial, nor would the commission of such error by the court be regarded as proceeding illegally, in any such sense as would authorize the party to invoke the remedy now proposed. It is merely an alleged error in the proceeding that is complained of, and to correct that supposed error it is sought to bring the record and proceedings in the case in review before this court in this manner. Such is not the office of the common law writ of *certiorari.* That can only be done upon appeal or writ of error. It may be, as suggested by the plaintiff, that in this case he has no remedy by appeal or writ of error. But that circumstance can not, of itself, transform the common law writ of *certiorari* into a mere writ of error. The writ of *certiorari* was never designed or employed as a remedy merely because there was no right of appeal, or to a writ of error. To justify the awarding of a writ of *certiorari* other elements must exist, which are not present in this case. The motion will be denied.

*Motion denied.*

DICKEY, J.: I concur in denying the application for a common law writ of *certiorari.* No case is made for that writ. I think, however, that upon cause shown, as, for palpable error on the face of the record, this court may, in any case, and in special cases ought to, award a writ of error, although the right to such writ be not given by statute. I concede to the legislature the power to restrict *the rights of parties* to take an appeal or to sue out a writ of error; but

I can not concede the power to deprive this court of its appellate *jurisdiction*, in any case. In several cases in which the question has arisen as to the *right* to maintain an appeal to this court, or to sue out a writ of error from this court, under the provisions of the Appellate Court act and the Practice act, phraseology has been employed which would seem to indicate that it was a question affecting the *jurisdiction* of this court. The use of that form of expression I am satisfied was inaccurate and unnecessary. The constitution provides that the Supreme Court shall have original jurisdiction in certain enumerated cases, *and appellate jurisdiction in all other cases*. Of this appellate jurisdiction, in my opinion, this court can not be deprived, however competent it may be for the General Assembly to limit and restrict the *right* of a party to *demand* a review of his case by the court of last resort. No doubt the right of appeal may be taken away altogether, and the right to *demand* a writ of error may be restricted, but the *power* of this court to award a writ of error can not, *in any case*, be abridged. In my view, the proper course for the plaintiff to pursue, is, upon cause shown, to move in this court for a writ of error, and I think this record on its face shows a case where such a motion ought to be sustained. I further think that we ought not *now* to regard the *form* of the application, but that we might with propriety, on this application, award a writ of error. The party, by his motion, in substance asks us to review the proceeding;—and although he suggests a writ of *certiorari*, (which I think is not the appropriate writ,) this suggestion might properly be disregarded and the proper writ ordered to issue.